```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                         AT ROANOKE, VA
                                                              FILED
        IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF VIRGINIA            NOV 14 2006
                    ROANOKE DIVISION
                                                     JOHN F. CORCORAN, CLERK
                                                     BY:
                                                         DEPUTY CLERK
```

MARK ANTHONY JONES,            )
    Plaintiff,             )    Civil Action No. 7:06-cv-00648
                               )
v.                             )    **MEMORANDUM OPINION**
                               )
VA DOC, <u>et. al.</u>,        )    By: Hon. James C. Turk
    Defendant(s).          )    Senior United States District Judge

Plaintiff Mark Anthony Jones, a Virginia inmate proceeding <u>pro se</u>, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Jones alleges that the defendants violated his rights with respect to the revocation of his parole. He seeks monetary damages and release on parole. Upon review of the complaint, the court finds that it fails to state any claim actionable under § 1983 and that it must be dismissed, pursuant to 28 U.S.C. § 1915A.[1] To the extent that Jones' claims might be construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, his claims must be dismissed for failure to exhaust state court remedies.

### I.

Jones recently had his state parole revoked. As a result, he is now serving another three years and four months in prison. He sues his parole officer based on the following allegations: after Jones tested positive for drug use in April 2006 and admitted to drug use, the parole officer sent him to a halfway house for drug rehabilitation; on May 23, 2006, Jones was terminated from the half-way house program for not cooperating with staff and refusing to do his assigned work; in early June,

---

[1] Under this provision, the court may dismiss an action filed by a prisoner against government officials at any time as frivolous, malicious or for failure to state a claim upon which relief may be granted.

1

when Jones had his preliminary hearing on the parole violation charge, his probation officer did not attend the hearing; and the officer also did not send Jones any notice of the parole violation charge. Jones complains that his parole violation paperwork was signed by an official from another district who admitted that she did not know anything about Jones' case. Finally, Jones sues a supervisory parole official who approved the revocation of Jones' parole. As relief in this action, Jones seeks one million dollars and reinstatement of his parole.

## II.

Jones believes that the revocation of his parole and his current incarceration on that revocation judgment are wrongful because he did not get proper notice of the violation and because officers familiar with his alleged violation did not attend the revocation hearing or sign the revocation paperwork. He wants damages from the parole officer and from her supervisor on the ground that their omissions contributed to his wrongful confinement. Jones is advised that although he may seek damages under 42 U.S.C. § 1983 for actions that necessarily contributed to wrongful confinement, such an award can be made only after showing that the confinement was in fact unlawful. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Before bringing such a § 1983 action, Jones must prove that the revocation of his parole and his current detention have been declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a § 2254 writ. See id. Jones admits that he has not filed any other action in state or federal court dealing with the same facts. As Jones thus fails to demonstrate that his confinement has been declared invalid by a state or federal tribunal, his § 1983 claims for damages

have not yet accrued and must be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim on which relief can be granted.[2]

### III.

When a state prisoner, though asserting jurisdiction under §1983, is challenging the fact or length of her confinement under a state criminal conviction, her sole federal remedy is a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475 (1973). Under § 2254(b), however, a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Id. If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition without prejudice to allow him to do so. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia.

As stated, it is clear from Jones' pleading that he has not filed any other court action concerning his parole revocation claims. As he thus fails to demonstrate exhaustion of state court remedies, the court cannot construe and address his current pleading as a habeas petition under § 2254. Accordingly, the court will dismiss the action without prejudice. An appropriate order shall be entered this day.

---

[2] Jones fails to demonstrate that he has any constitutional right to have his parole officer personally attend the hearing or sign the paperwork. Thus, even if the officer's lack of personal involvement did not necessarily contribute to the fact of Jones' current confinement so as to fall under Heck, Jones does not demonstrate that her absence violated his constitutional rights in any way so as to be actionable under § 1983.

3

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14th day of November, 2006.

/s/ James C. Turk
Senior United States District Judge